

1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Phone 716-204-1700
Fax 716-204-1702
www.GrossPolowy.com

April 22, 2016

Chambers of Honorable Raymond J. Dearie
United States District Court – Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     ONEWEST BANK, N.A. vs. AAROM SIMON, et al.
Index No.:  14-cv-6622

Dear Honorable Dearie:

     In accordance with Individual Rule III (A), Plaintiff hereby responds to a request by Defendants Aaron Simon and Nechuma Simon by their Counsel Moshe Mortner, Esq., for a pre-conference motion to vacate the default entered against them on April 8, 2015, for leave to answer, and for dismissal for insufficient service of process.

     Defendants allege a surveillance video taken at their home evidencing that the Plaintiff's process server failed to serve Mrs. Simon personally or on behalf of her husband on the date of service will be submitted. Defendants further claim that they did not previously know about this action.

     Defendants have failed to put forth any detail whatsoever as to where the alleged camera was situated as the mortgaged property contains several apartments, which specific fact attested to on the affidavit of service is refuted, and nothing has been put forth which would authenticate the alleged video. As Plaintiff would allege in further detail in opposition to Defendants' motion to dismiss, in New York, a process server's affidavit of service "establishes a prima facie case of the account of the method of service." *Single Source Roofing Corp. v. 228 Granite Ave. Realty, LLC*, No. 05 CV 1241 (E.D.N.Y. Nov. 22, 2005) (citation omitted). As seen in DOC 6 pages 1 and 4 filed December 5, 2004, the process server attests to specific facts specifying the date and time of service, the method of service, and physical descriptions of Nechuma Simon and of her home. The specific facts have not been refuted in Defendants' pre-conference motion request.

     Defendants' further claim that they had no knowledge of this action lacks credibility as over the course of this action, several papers at different times have been mailed to Defendants at their address at the mortgaged property, and nothing was ever returned to Plaintiff's Counsel's office as undeliverable. Specifically, as seen in the affidavit of service in DOC 9, filed December 22, 2014, a letter informing of Plaintiff's change of address was mailed to the Defendants on December 14, 2014. As seen in the affidavit of service filed January 22, 2015 in DOC 20, the supplemental summons and amended complaint was mailed to both Defendants on December 24, 2015. Further as seen in the affidavit of service filed June 16, 2015 in DOC 27, Plaintiff's motion for default judgment was served upon both Defendants via mail. Further, a scheduling order was served on October 9, 2015 upon both Defendants via mail as seen by the affidavit of service filed October 9, 2015 in DOC 31.



1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Phone 716-204-1700
Fax 716-204-1702
www.GrossPolowy.com

Defendants have been made well aware of this action since being served by the process server, and subsequently via mail on several occasions throughout this matter. Their claims are not credible. They were served with process and therefore are not entitled to have this action dismissed, and have not supported any entitlement to a vacatur of their default. Accordingly, Plaintiff respectfully submits that Defendants' motion would fail. Thank you for your time and consideration in this matter.

Respectfully Yours,

Steven Rosenfeld, Esq.
Gross Polowy, LLC

cc.

The Mortner Law Office
By: Moshe Mortner, Esq.
*Attorney for Aaron and Nechuma Simon*
40 Wall Street, 28th Floor
New York, NY 10005