UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONEWEST BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> NECHUMA SIMON, AARON SIMON, DISCOVER BANK, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, STERLING PRODUCTS, INC., CENOBIO CORTES, DIANA MADERO, CHARRA GOMEZ, SYLVIA BAEZ, MIRIAM MUNOZ, JOHN DOE (being fictitious and unknown to Plaintiff, intended to be tenants, occupants, persons, or corporations having or claiming an interest in or lien encumbering the property described in the Complaint or their heirs at law, distributes, executors, administrators, trustees, guardians, assignees, creditors, or successors.), <br><br> Defendants. | Civil Action No. 1:14-cv-06622-RJD-CLP <br><br> DECLARATION IN SUPPORT OF NOTICE OF MOTION TO VACATE CLERK'S NOTATION OF DEFAULT |

Nechuma Simon declares, under the penalty of perjury, that the following is true and correct:

1.　I am one of the individual Defendants in the above-captioned action. I am fully familiar with the facts and circumstances surrounding this matter.

2.　This Declaration is respectfully submitted in support of the Notice of Motion of Nechuma Simon and Aaron Simon (the "the Simon Defendants"), which seeks:

(i)　An order vacating the Clerk's notation of default as against the moving defendants and granting the Simon Defendants leave to interpose an answer; and

(ii)　An order dismissing this action pursuant to Rule 12 (b) (5) of the Federal Rules of Civil Procedure, for insufficient service of process.

3. I also submit this Declaration in opposition to Plaintiff's motion for Default Judgment.

4. A copy of the Clerk's Certificate of Default is annexed hereto as Exhibit A.

5. Contrary to the allegations of Plaintiff's process server, I was never personally served the Summons and Complaint in this action. Nor was I served on behalf of my husband, Aaron Simon, with whom I reside, as a person of suitable age and discretion.

6. The Affidavits of Service by Plaintiff's process server allege that personal service of the Summons and Complaint was made upon me at my home, which is the subject property in this foreclosure action, 225 Lynch Street, Brooklyn, NY 11204. The alleged time of service was 7:32 a.m., on November 26, 2014. Copies of Plaintiff's Affidavits of Service upon me and upon Aaron Simon are annexed hereto as Exhibit B.

7. Evidencing Plaintiff's failure effect service of process on me and my husband Aaron Simon, is a photographic record, *i.e.*, screen shots, of surveillance videos recorded by two security cameras installed and maintained at the subject property. The surveillance videos were recorded during the period when Plaintiff's process server allegedly served process in this action, 7:32 a.m., on November 26, 2014. The time and date of each image appears on the upper left-hand corner of each of the screen shots. See Exhibit C hereto.

8. The surveillance videos show the following:

   a. 7:28:47-59 - the process server arrived in front of the subject property carrying what appears to be a stack of papers, and proceeded up the front stairs and entered through the front door. (See first page of Exhibit C.)

   b. At 7:29:05-06 - The process server can be seen entering the subject property by the second camera inside the entry hallway of the building. (The entrance to the residence of Defendants Nechuma and Aaron Simon is just to the left of the hallway door.)

2

    c. 7:29:07-11 - The process server faces the door of the Simons' apartment and then proceeds down the hallway and under the camera until he is out of view. (At the end of the hallway is staircase leading up to the second and third floors of the subject property, where there are four apartments.)

    d. While the process server is out of the field of view of the security camera it stops recording because it is motion sensitive.

    e. 7:29:40-50 – The process server comes back to the front of the hallway and paces in front of the door of the Simons' apartment, and then proceeds again towards the stairs at the back of the hallway, out of view, and the camera stops recording.

    f. 7:29:51 - 7:35-17 – The process server was out of view and the camera stopped recording. It is presumed that he took the stairs to the second and third floors where he attempted to serve the tenants in the upstairs apartments.

    g. 7:35:18-24 - The process server comes back to the front of the hallway and heads towards the building's exit.

    h. 7:35:48-7:37:06 (end) - The process server is seen from the outside camera, exiting the building, going down the front steps and down further steps to a basement entrance and then coming back up to street level and departing from the premises.

9. None of the video was edited or deleted, except to intercut the video from the hallway camera with the video from the outside camera to provide a chronological presentation to the Court. Only Aaron Simon and I had access to the video since the time of recording.

10. My understanding is that the video camera stops recording when there is no motion. This explains why in the video there are gaps when no person is on screen.

11. My default in appearance was not deliberate, but was due to my lack of awareness of this action. No disrespect to the Court was intended by my non-appearance.

12. In addition, my husband, Aaron Simon, and I have meritorious defenses to this action, which we should be allowed to interpose, to wit, insufficient service of process and Plaintiff lacks standing to sue. (Defendants' standing argument is explained in the Attorney's

Declaration submitted herewith.)

13. Finally, the Plaintiff would not be unfairly prejudiced by having to prove its claims on the merits as against both me and my husband, Aaron Simon. There would be no prejudice because, as my counsel now advises me, the Report and Recommendation filed by Magistrate Judge Cheryl L. Pollak in this action on February 8, 2016, recommended that a default judgement not be issued against Aaron Simon, the owner of the subject property.

14. I respectfully request that the Court decline to enter a judgment of default against me and my husband Aaron Simon, as our default was unintentional, and I further request that the Court vacate the Clerk's entry of default against us.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: April 13, 2016
Brooklyn, NY

_____
Nechuma Simon