UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONEWEST BANK, N.A., <br><br>                    Plaintiff, <br><br>              v. <br><br> NECHUMA SIMON, AARON SIMON, DISCOVER BANK, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, STERLING PRODUCTS, INC., CENOBIO CORTES, DIANA MADERO, CHARRA GOMEZ, SYLVIA BAEZ, MIRIAM MUNOZ, JOHN DOE (being fictitious and unknown to Plaintiff, intended to be tenants, occupants, persons, or corporations having or claiming an interest in or lien encumbering the property described in the Complaint or their heirs at law, distributes, executors, administrators, trustees, guardians, assignees, creditors, or successors.), <br><br>                    Defendants. | Civil Action No. 1:14-cv-06622-RJD-CLP |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE
CLERK'S NOTATION OF DEFAULT
AND TO DISMISS**

**PRELIMINARY STATEMENT**

Defendants Nechuma Simon and Aaron Simon move to vacate the Clerk's notation of

their default and to dismiss the Complaint as against them

This Memorandum of Law is respectfully submitted in support of the motion of

Defendants Nechuma Simon and Aaron Simon (the "the Simon Defendants"), which seeks:

(i)      An order under Rule 55( c) of the Federal Rules of Civil Procedure

vacating the Clerk's notation of default as against the moving defendants, which was entered April 9, 2015, and granting the Simon Defendants leave to interpose an answer; and

(ii)     An order dismissing this action pursuant to FRCP Rule 12 (b) (5), for insufficient service of process.

This Memorandum of Law is also submitted in opposition to Plaintiff's pending motion for Default Judgment.

A copy of the Clerk's Certificate of Default is annexed as Exhibit A to the Declaration of Nechuma Simon.

## FACTUAL BACKGROUND

### a.  Failure of Service of Process

The following statement of facts is based on the Declaration of Nechuma Simon submitted herewith.

Contrary to the allegations of Plaintiff's process server, Defendant Nechuma Simon was never personally served the Summons and Complaint in this action.  Nor was she served as a person of suitable age and discretion on behalf of her husband, Aaron Simon, with whom she resides.

The Affidavits of Service by Plaintiff's process server allege that personal service of the Summons and Complaint was made upon Defendant Nechuma Simon at her home, which is the subject property in this foreclosure action, 225 Lynch Street, Brooklyn, NY 11204.  The alleged time of service was 7:32 a.m., on November 26, 2014.  Copies of Plaintiff's Affidavits of Service upon Nechuma Simon and upon Aaron Simon are annexed to

the Declaration of Nechuma Simon as Exhibit B.

Evidencing Plaintiff's failure effect service of process on Defendants Nechuma Simon

and Aaron Simon, is a pictorial record, *i.e.*, screen shots, of surveillance videos recorded by

two security cameras installed and maintained by the Simon Defendants at the subject

property.  (See Exhibit C to the Declaration of Nechuma Simon.)  The surveillance videos

were recorded during the period when Plaintiff's process server allegedly served process in

this action, 7:32 a.m., on November 26, 2014.  The time and date of each image appears on

the upper left-hand corner of each of the screen shots.

The surveillance videos show the following:

a.  7:28:47-59 - The process server arrived in front of the subject
property carrying what appears to be a stack of papers, and
proceeded up the front stairs and entered the building through the
front door.

b.  7:29:05-06 - The process server can be seen entering an entry
hallway of the subject property by the second camera, located
inside the entry hallway of the building.  (The entrance to the
residence of Defendants Nechuma and Aaron Simon is located just
to the left of the entry door of the hallway.)

c.  7:29:07-11 - The process server faces the door of the Simons'
apartment and then proceeds down the hallway and under the
camera until he is out of view.  (At the end of the hallway is a
staircase leading up to the second and third floors of the subject
property, where there are four apartments.)

d.  While the process server is out of the field of view of the security
camera, it stops recording because it is motion sensitive.

e.  7:29:40-50 – The process server comes back to the front of the
hallway and paces in front of the door of the Simons' apartment,
and then proceeds again towards the stairs at the back of the
hallway, out of view, and the camera stops recording.

    f.   7:29:51 - 7:35-17 – The process server was out of view and the camera was not recording.  It is presumed that he took the stairs to the second and third floors where he attempted to serve the tenants in the upstairs apartments.

    g.   7:35:18-24 - The process server comes back to the front of the hallway and heads towards the building's doorway.

    h.   7:35:48-7:37:06 (end) - The process server is seen from the outside camera, exiting the building from the front door, going down the front steps and down further steps to a basement entrance, and then coming back up to street level and departing from the premises.

None of the video was edited, except to intercut the video from the hallway camera with the video from the outside camera to provide a chronological presentation to the Court.  None of the video was deleted, and only the defendants and their counsel had access to the video since the time of recording.

At no time in the video is Defendant Nechuma Simon seen at her apartment door receiving papers from the process server.

At various times when there is person in the view of the video cameras, there are gaps in the recording.  Mrs. Simon explained that these gaps occurred because the video cameras stops recording when there is no motion.

The Simon Defendants' default in appearance was not deliberate, but was due to their lack of awareness of this action.  No disrespect to the Court was intended by their non-appearance.

### b.  Plaintiff's Lack of Standing

The following is based on the Attorney's Declaration submitted herewith, which

relies on documents filed in this action and public records.

The original lender to whom the subject mortgage was given was First Financial Equities, Inc., which, on November 7, 2006, assigned the mortgage to IndyMac Federal Bank F.S.B.

In the Amended Complaint, Plaintiff fails to provide a copy of the note and instead submits a lost note affidavit.  However, does not allege standing based upon possession of the note, rather Plaintiff alleges that its standing is based on assignment of the subject mortgage from IndyMac.  A copy of the Amended Complaint is annexed as Exhibit A to the Attorney's Declaration submitted herewith.

Regarding assignment of the mortgage, the records of the Register of the City of New York (ACRIS) show that, in fact, there were two separate assignments recorded transferring the mortgage to the plaintiff.  However, as demonstrated below, neither assignment is sufficient to establish Plaintiff's standing to bring this foreclosure action.

The first assignment of the mortgage, dated May 28, 2010, is from the FDIC as receiver for IndyMac Federal Bank, F.S.B. to the plaintiff.  Significantly, that assignment makes no assignment of the note to the plaintiff.

The second assignment of the mortgage, dated July 27, 2010, is from MERS as nominee for IndyMac Bank F.S.B.  Albeit, this assignment purports to assign the mortgage as well as the note; however, this assignment is ineffective to convey standing, because the assignment from the original lender, First Financial Equities, Inc., assigned the mortgage directly to IndyMac Federal Bank F.S.B., with no designation of MERS as the nominee of

IndyMac.  Moreover, there is no documentation anywhere in the public record or in Plaintiff's submissions in this action that designate MERS as IndyMac's nominee for purposes of holding the subject mortgage or the note.  Therefore, the Assignment by MERS to Plaintiff also fails to establish Plaintiff's standing, since there is no evidence that MERS had authority to assign either the mortgage or the note as the nominee of IndyMac.

Copies of the three assignments described above are annexed hereto as Exhibit B.

Based on the foregoing, the Plaintiff cannot allege that it acquired the note via an assignment of mortgage.  Therefore, to establish standing, Plaintiff must evidence the physical transfer of the note to its possession.

However, Plaintiff offers not a scintilla of evidence that the original note was ever physically transferred to Plaintiff.

Instead, Plaintiff submits a Lost Note Affidavit, dated January 2, 2014, prior to the commencement of this action.  This affidavit establishes that Plaintiff did not have the note in its possession prior to commencing this action.  Moreover, the Lost Note Affidavit fails to allege that Plaintiff ever had the note in its possession at any time.  In fact, calling the affidavit a "Lost Note Affidavit" is a misnomer, since there is no evidence the note was ever in Plaintiff's possession in the first place for it to have become lost.  A copy of the Lost Note Affidavit is annexed as Exhibit C to the Attorney's Declaration submitted herewith.

## ARGUMENT

**I.    THE SIMON DEFENDANTS SEEK VACATUR OF THE CLERK'S NOTATION OF DEFAULT AGAINST THEM**

### a.  The Legal Standard

The Simon Defendants' motion is governed by Federal Rule of Civil Procedure 55(c).

Rule 55(c) provides that a "court may set aside an entry of default for good cause, and it

may set aside a final default judgment under Rule 60(b)." The Second Circuit has held that

three factors govern a district court's decision to set aside a default judgment under either

Rule 55(c) or Rule 60(b): "(1) whether the default was willful; (2) whether setting aside the

default would prejudice the adversary; and (3) whether a meritorious defense is

presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("[B]ecause defaults

are generally disfavored and are reserved for rare occasions, when doubt exists as to

whether a default should be granted or vacated, the doubt should be resolved in favor of

the defaulting party." *Id.*, 10 F.3d at 96.)

As a general matter, the Court should be guided by the clear preference in the

Second Circuit for reaching judgments on the merits and not by way of default.  *Shah v.*

*New York State Dep't of Civil Service*, 168 F.3d 610, 615 (2d Cir. 1999).

### b.   No Degree of Willfulness to the Default

Here there was no willfulness in the Simon Defendants' default, as demonstrated by

the facts that they have proffered evidence to show that they were not served the

summons and complaint, and Nechuma Simon explains that, as a result of not being served,

she and her husband were unaware that this action was proceeding.

### c.  **The Simons have a Meritorious Defense**

On a motion under Rule 55(c), the "meritorious defense" need not be established "conclusively" at the motion-to-vacate stage. *SEC v. McNulty*, 137 F. 3d 732, 740 (2nd Cir. 1998); accord *Enron Oil Com.*, 10 F.3d *supra* at 97 ("the test ... is not whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense"); *Sony Corp. v. Elm State Electrics, Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986) ( The party seeking to vacate default must present some evidence beyond conclusory details to support his defense).

Without proof that Plaintiff is a holder or owner of the note, Plaintiff has no standing. *HSBC Bank USA v Hernandez,* 92 AD3d 843, 939 NYS2d 120 [2d Dept 2012]

Here, the defendants assert that the plaintiff cannot establish its lawful status to commence this foreclosure action, because Plaintiff has offered neither proof of a valid written assignment of the note, nor proof that Plaintiff was the holder of the note at the time of commencement.  See *US Bank N.A. v. Madero*, 80 AD3d 751 (2nd Dep't 2011); *US Bank, N.A. v. Collymore*, 68 AD3d 752 (2d Dep't 2009) ("[U]nder New York law, physical delivery will effect a valid assignment of a note.)

Albeit, Plaintiff has offered proof that the mortgage – but not the note -- was assigned to Plaintiff (the Assignment of Mortgage, dated May 28, 2010, from the FDIC as receiver for IndyMac Federal Bank, F.S.B. to the plaintiff).  However, Plaintiff has failed to offer any evidence that it is a holder or owner of the note.  Specifically, Plaintiff failed to establish a valid assignment of the note, and Plaintiff failed to allege that the note was

physically delivered to it prior to the commencement of the action. (See *Aurora Loan Services, LLC v. Taylor*, 114 AD 3d 627 [2nd Dept. 2014] [An affidavit submitted by the plaintiff stating the date that it obtained physical possession of the original note, was sufficient to establish the note was physically delivered.])

Absent evidence that Plaintiff is a holder or owner of the note, an assignment of the mortgage to Plaintiff is a nullity and confers no standing on Plaintiff. *Bank of NY v. Silverberg*, 86 AD 3d 274 (2nd Dept. 2011).

Based on the foregoing, Defendants have a meritorious defense to the instant action.

### d.  Prejudice to the Plaintiff

Plaintiff would not be unfairly prejudiced by having to prove its claims on the merits as against the Simons, since a Judgment of Default has not yet been entered against these defendants.  In addition, the Report and Recommendation filed by Magistrate Judge Cheryl L. Pollak in this action on February 8, 2016, recommended that default judgement not be issued against Defendant Aaron Simon.

Based on the foregoing, it is respectfully requested that the Court vacate the Clerk's notation of Default against Defendants Nechuma Simon and Aaron Simon and that the Court deny Plaintiff's motion for Default Judgment against these defendants as moot.

### II.   THE SIMON DEFENDANTS ALSO MOVE TO DISMISS THE COMPLAINT AS AGAINST THEM, PURSUANT TO FRCP RULE 12(b)(5)

The Simon Defendants move for pre-answer dismissal of the complaint for

insufficient service of process under Rule 12(b)(5).

Rule 12(b)(5) "authorizes dismissal of a complaint for insufficient service of process upon motion by a defendant made prior to the defendant's filing an answer." *Forte v. Lutheran Augustana Extended Care & Rehab. Ctr.,* No. 09-CV-2358, 2009 WL 4722325, at *2 (E.D.N.Y. Dec. 9, 2009). When a defendant moves to dismiss the Complaint under Rule 12(b)(5), the motion must assert more than a general statement that service was inadequate. See *Herzner v. U.S. Postal Serv.*, No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007).

Here, the Simon Defendants have indeed asserted more than a general statement that service was inadequate.  They have submitted a record of surveillance videos that evidence that the Plaintiff's process server failed to serve Nechuma Simon on the date and time that is alleged in the process server's affidavits of service.

Once "a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano,* 604 F.3d 732, 752 (2d Cir. 2010)(quoting *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir.2005).

Here, Plaintiff must now rebut the evidence submitted by Defendants.  Defendants believe that Plaintiff cannot prove the service was proper.  However, at the very least, there are factual questions in this motion as to the propriety of service, which may require a traverse hearing be held to determine if service was, in fact, proper. *Old Republic Ins. Co. v. Pac. Fin. Srvcs. of Am., Inc.*, 301 F.3d 54, 57-58 (2d Cir. 2002).

10

**CONCLUSION**

Based on the foregoing, it is respectfully requested that the Court grant the motion

of Defendants Nechuma Simon and Aaron Simon to vacate the Clerk's notation of default

against them, grant leave to these Defendants to interpose an answer and deny Plaintiff's

motion for default judgment, and grant the Simon Defendants' pre-answer motion to

dismiss the complaint pursuant to FRCP Rule 12 (b)(5), and grant such other and further

relief as to the Court seems just and proper.

Dated:  New York, NY
         September 12, 2016

> THE MORTNER LAW OFFICES
>
> _____
> Moshe Mortner, Esq.
> 40 Wall St., 28th Floor
> New York, NY 10005
> Tel.: 877-365-2177
> *Attorneys for Defendants Nechuma Simon and*
> *Aaron Simon*