UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ONEWEST BANK, N.A.,

                      Plaintiff,                                    **MEMORANDUM & ORDER**

      -against-                                            14 CV 6622 (RJD)

NECHUMA SIMON, AARON SIMON, et al.

                    Defendants.
-----------------------------------------------------------------X
DEARIE, District Judge

       By memorandum and order dated March 22, 2019, this Court granted the motion of plaintiff One West Bank, N.A. for summary judgment on its claim for foreclosure against defendant Nechuma Simon as sole obligor under the relevant instruments and denied the cross-motion of defendants Nechuma Simon and Aaron Simon for summary judgment. ECF 103. The Court also referred the matter to Magistrate Judge Vera Scanlon for an updated report and recommendation on the appointing of a referee to conduct the sale of the property under the procedures described in the plaintiff's Proposed Judgment of Foreclosure and Sale, and to address the questions of damages and attorneys' fees, if any. Id.

       The borrower then retrained new counsel and moved for reconsideration of the summary judgment ruling on the ground that intervening Appellate Division decisions required a different result. ECF 105, 106. The Court denied that motion by memorandum and order dated June 1, 2020. ECF 108. A week later the borrower moved for reconsideration of the denial of reconsideration, citing additional Appellate Division authority, and in the alternative, requested a stay of this action on the ground that the New York Court of Appeals had granted leave to appeal in one of the Appellate Division decisions included in the parties' briefing and cited in this

Court's decisions, Freedom Mtge. Corp. v. Engel, 163 A.D.3d 631 (2d Dep't July 11, 2018), lv. app. granted, 33 N.Y. 3d 1039 (June 6, 2019). ECF 109.

Ensuing discovery directed by Magistrate Judge Scanlon disclosed the facts that in this Court's view ought to be dispositive of the issue driving the continued motion practice: namely, following the August 2006 foreclosure action and acceleration of the mortgage, the borrower made a large payment to bring the loan current and settle the foreclosure action, and then continued making monthly payments for several additional years until the default that triggered the current action. See ECF 119. The borrower admits making these payments, ECF 117 ¶¶ 10 et seq., but nevertheless continues to argue that they did not effect a revocation of the acceleration of the mortgage because, inter alia, (i) some or all of the payments were partial or conditional, (ii) certain language in the bank's initial 2006 foreclosure complaint stated that the bank's acceptance of partial payments would not effect a revocation of the acceleration, and (iii) language in certain loan modification documents, either proposed or executed, stated that payments accepted during a "trial period" would likewise not effect a revocation of the acceleration unless and until the payments made were sufficient to cure the initial default. Although the bank's opposition papers have not addressed these specific features of the borrower's arguments, each appears to be a non-starter in the face of the undisputed fact that, as a result of the 2006 foreclosure action, the bank and the borrower entered into at least a de facto loan modification agreement pursuant to which the borrower made payments that cured the initial default and continued, monthly, for several additional years. The Court is confident that under New York law as it has been briefed by the parties to date, these events effected a valid revocation of the 2006 acceleration of the mortgage in this case.

Nevertheless, as the Court noted in its most recent decision denying the borrower's motion for reconsideration, the language question—exactly what a lender must say (and then do) when it voluntarily discontinues a foreclosure action in order to also revoke the acceleration of the mortgage—had not yet reached the New York Court of Appeals, and the trial and appellate decisions on the question are not entirely uniform.  See ECF 108 at 3.  For these reasons, the prudent course is to await whatever guidance the New York Court of Appeals offers in Engel, a decision that is expected to address that question.

Accordingly, the defendant's motion for reconsideration of this Court's denial of reconsideration of its grant of summary judgment in favor of the plaintiff is denied at this time, without prejudice, and with leave to renew following the issuance of the New York Court of Appeals' decision in Engel.   Pending notification by the parties of that event, all proceedings in this matter are stayed, and the case shall be administratively closed.

## CONCLUSION

For all of the foregoing reasons, the defendants' motion for reconsideration (ECF No. 109) of this court's denial of reconsideration of its grant of summary judgment in favor of the plaintiff is denied, without prejudice, and with leave to renew.  All proceedings in this matter are stayed pending the parties' written notification to this Court of the issuance of the New York Court of Appeals decision in Freedom Mortgage v. Engel.  The Clerk of the Court is directed to administratively close this matter.

**SO ORDERED.**

Dated: Brooklyn, New York
   January 12, 2021

                __s/_____
                RAYMOND J. DEARIE
                United States District Judge