UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ONEWEST BANK, N.A.,

                      Plaintiff,                       **MEMORANDUM & ORDER**

        -against-                            14 CV 6622 (RJD)

NECHUMA SIMON, AARON SIMON, et al.

                    Defendants.
-----------------------------------------------------------------X
DEARIE, District Judge

       The Court assumes the parties' familiarity with its several prior decisions in this case and incorporates here the portions of those rulings addressing defendants' affirmative defense that this action is barred by the statute of limitations. <u>See</u> ECF 103 (Memorandum and Order dated March 22, 2109 granting plaintiff's motion for summary judgment on its claim for foreclosure and denying defendants' cross-motions); ECF 108 (Memorandum & Order dated June 1, 2020 denying defendants' motion for reconsideration); and ECF 122 (Memorandum & Order dated January 12, 2021 denying, without prejudice, reconsideration of the denial of reconsideration).

       It has been undisputed throughout this litigation that plaintiff's commencement of a foreclosure action against defendants in 2006 effected an acceleration of the mortgage debt that also started the running of the six-year statute of limitations on the claim for that debt. The point of dispute has been whether plaintiff's subsequent voluntary withdrawal of that action effected revocation of the acceleration and thus stopped the limitations clock. At summary judgment and in the ensuing motions to reconsider, plaintiff argued, and the Court concluded, that under New York law the withdrawal did effectively revoke the acceleration of the mortgage debt. As its

previous rulings reflect, however, see, e.g., ECF 103 at pp. 19 et *seq.*, the Court and the parties were aware that Appellate Division authority on the question was not entirely consistent.

The New York Court of Appeals has at last spoken to the matter in Freedom Mortgage Corp. v. Engel, __N.E.3d__, 2021 WL 623869, 2021 N.Y. Slip Op. 01090 (Feb. 18, 2021).  The comprehensive decision announces a categorical holding that plainly puts *this* litigation to rest. Acknowledging the lack of uniformity in the state's trial and intermediate appellate decisions, the New York Court of Appeals held as follows:

> Adopting a clear rule that will be easily understood by the parties and can be consistently applied by the courts, we hold that where the maturity of the debt has been validly accelerated by the commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary.

Id., 2021 WL 623869 at *1.  Restating this principle throughout the decision, the Court made clear that "the noteholder's voluntary discontinuance of [the earlier foreclosure action] constitutes an affirmative act of revocation of th[e] acceleration *as a matter of law*."  Id. at *7 (emphasis added).  Further, the Court expressly disapproved of what defendants have long urged here, writing that, "[t]he effect of a voluntary discontinuance should not turn on courts' after-the-fact analysis of the significance of subsequent conduct and correspondence between the parties" because it leads to "inconsistent and unpredictable results," is "harmful to the parties," "invit[es] costly and time-consuming litigation to determine timeliness," and is therefore "incompatible with the policy underlying statutes of limitations."  Id..

Following the issuance of Engel, this Court afforded defendants a final opportunity to be heard on the decision's effect on their statute-of-limitations defense in this litigation.  See ECF 124 (Order to Show Cause dated March 8, 2021).  In their submission, defendants do not dispute Engel's central holding.  Instead, they advance, for the first time in this seven-year litigation, a

new argument based on remarks in the concurring and dissenting opinions in <u>Engel</u>.  As the Court now briefly addresses, that argument and the remarks on which it is based do not require that this Court disturb its decision granting summary judgment to the lender here.

In his concurrence in <u>Engel</u>, Judge Wilson noted that the Court "ha[d] not decided whether the notes and mortgages at issue [t]here permit a lender to revoke an acceleration," and that, in three of the four cases in the consolidated appeal, "the borrower did not contend that the noteholders lack the contractual right to revoke the acceleration."  <u>Engel</u>, 2021 WL 623869 at *10 (Wilson, J., concurring).  In one case, however, the borrower "argued at length that the note and mortgage grant the noteholder the contractual right to accelerate the loan but lack any contractual authorization to revoke that election (absent consent of the borrower)."  <u>Id.</u>  The defendants here, in their post-<u>Engel</u> submission, advance the same argument.  They make no reference, however, to language in the underlying instruments but instead assert that lender bears the burden to show through admissible evidence that this action is not time-barred.

Judge Wilson's concurrence also concluded, however, that the argument "was not properly preserved" for the Court's review because it was "raised for the first time on appeal." <u>Id.</u>  The same must be said of defendants' newly coined argument here: raised for the first time in this litigation, it is not properly before this Court at this time.  See <u>Bloomfield Investment Resources, Corp. v. Daniloff</u>, 2021 WL 2310446, at *2 (S.D.N.Y. June 7, 2021) (rejecting "a new legal theory" as "improperly raised for the first time on motion for reconsideration") (internal citation and quotation omitted).  Further, defendants' argument is inconsistent with its position and the authorities on which it has relied throughout this litigation, which, as discussed in this Court's previous decisions, accepted the lender's capacity to revoke its acceleration of a mortgage while disputing only the appropriate mode of doing so.

Judge Rivera's dissent, echoing Judge Wilson's concurrence, agrees that a borrower's claim that "the noteholder does not have a contractual right to unilaterally revoke an acceleration" was not preserved for the Court's review. Id., at *10 (Rivera, J., dissenting). Judge Rivera further speculates that "[d]epending on whether or when [the Court] resolve[s] that question, the rule adopted by the majority in these appeals may stand without further consideration, or be affirmed, modified, or discarded in the future." Id. at *11.

Like the remarks in the Engel concurrence on which defendants rely, the speculations about future law in the Engel dissent are not binding on this Court in the discharge of its obligations under Erie R.R. v. Tompkins, 304 U.S. 64 (1938), to apply New York law to the state-law claim before it.  The Engel majority held that a noteholder's revocation of its acceleration of a mortgage debt happens, as a matter of law, when—as occurred here—a bank voluntarily discontinues the foreclosure action that first accelerated the debt.  The only caveat to the majority's holding is that such revocation occurs "absent the noteholder's contemporaneous statement to the contrary." Id. at *1.  Defendants do not assert, nor is there any evidence in the record suggesting, that any such statement was made in this case.

## CONCLUSION

For all of the foregoing reasons, defendants' motion for reconsideration (ECF 109) of this Court's denial of reconsideration (ECF) of its grant of summary judgment to plaintiff (ECF 103) is denied in its entirety and with prejudice.

**SO ORDERED.**

Dated: Brooklyn, New York
       June 10, 2021

                                             _s/_____
                                             RAYMOND J. DEARIE
                                             United States District Judge