```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ONEWEST BANK, N.A.,                              :
                                                 :
                 Plaintiff,                      :
                                                 :    REPORT AND RECOMMENDATION
         -against-                               :
                                                 :    14 Civ. 6622 (RJD) (VMS)
                                                 :
NECHUMA SIMON, AARON SIMON,                      :
DISCOVER BANK, CITY OF NEW YORK                  :
PARKING VIOLATIONS BUREAU, NEW                   :
YORK CITY ENVIRONMENTAL CONTROL                  :
BOARD, STERLING PRODUCTS, INC.,                  :
CENOBIO CORTES, DIANA MADERO,                    :
CHARRA GOMEZ, SYLVIA BAEZ, MIRAM                 :
MUNOZ and JOHN DOE(S),                           :
                                                 :
                 Defendants.                     :
------------------------------------------------------------- X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff OneWest Bank, N.A. ("Plaintiff") brings this action against Defendants Nechuma Simon, Aaron Simon, Discover Bank, City of New York Parking Violations Bureau, New York City Environmental Control Board, Sterling Products, Inc., Cenobio Cortes, Diana Madero, Charra Gomez, Sylvia Baez, Miriam Munoz and John Doe(s) seeking to foreclose on a mortgage, encumbering certain property located at 225 Lynch Street, Brooklyn, NY 11211, together with the land, buildings and other improvements located on the property. The Court previously granted summary judgment in favor of Plaintiff on its foreclosure claim against Defendant Nechuma Simon as the sole obligor under the relevant instruments. ECF No. 103 at 26. Before the Court is Plaintiff's updated motion for a damages award, the appointment of a referee to effectuate a sale of the mortgaged property, and to disburse the funds from such sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1321 and Fed. R. Civ. P. §53, and related relief, referred by the Honorable Raymond J. Dearie. See ECF No.

1

135. For the reasons stated below, I respectfully recommend that the Court grant in part and deny in part Plaintiff's motion.

I. BACKGROUND

  a. Factual Background

On September 23, 1998, Nechuma Simon (the "Mortgagor") executed and delivered to First Financial Equities, Inc. ("First Financial") a promissory note (the "Note"), evidencing a loan made to Nechuma Simon in the amount of two hundred ninety-six thousand dollars ($296,000.00). See ECF No. 103 at 3-4. The Note was secured by a Mortgage (the "Mortgage") executed by Nechuma Simon on the property located at 255 Lynch Street, Brooklyn, New York 11206 (the "Property"). Id. at 4. The Mortgage was duly recorded in the Office of the City Register of the City of New York, Kings County in October 1999. See id.

On or about November 7, 2006, the Mortgage was assigned from First Financial to IndyMac Bank, F.S.B. Id. at 4. On or about May 28, 2010, the Mortgage was assigned to Plaintiff, OneWest Bank, F.S.B., which is currently known as OneWest Bank, N.A. Id. at 4-5 & n.3. At the time of the transfer of the Note to Plaintiff, the Note had not been satisfied. Id. at 5. Plaintiff alleged the Note was inadvertently lost, misplaced or destroyed, and also alleged that it had not pledged, transferred or otherwise disposed of the Note. See id. at 5-6. Plaintiff stated it had made a diligent and extensive search of its records in an effort to discover the lost Note without success. See id. at 4.

On February 1, 2009, Nechuma Simon failed to make the monthly installment payment due on the loan. See id. at 7-9. Under the terms of the Mortgage, when a default occurs, the holder of the Mortgage may send a notice of default to let the mortgagors know of the overdue amount and may accelerate the loan. Id. at 10. If the overdue amount is not paid by the date set

out in the notice of default, the holder of the Mortgage may seek to recover the entire principal amount and outstanding accrued interest.  Id.  The Mortgage also allows for Plaintiff to recover fees, costs, and disbursements in order to protect the Property.  Mortgage ¶ 21(C).

On June 17, 2014, two notices of default—one to Nechuma Simon at the address of the Property, and the other to Nechuma Simon at 543 Bedford Avenue 266, Brooklyn, New York 11211—were sent in compliance with the notice requirements of the Mortgage.  See ECF No. 103 at 10-11.  Two 90-day pre-foreclosure notices were also sent pursuant to RPAPL § 1304, notifying Nechuma Simon of Plaintiff's intent to foreclose if the defaults were not cured in a timely fashion.  See id.  Plaintiff then filed the 90-day pre-foreclosure notices with the New York Department of Financial Services.  See id.

### b. Procedural Background

Plaintiff previously moved for a default judgment against all Defendants.  See ECF Nos. 24-26.  The Honorable Judge Cheryl L. Pollak requested supplemental submissions from Plaintiff, which Plaintiff provided.  See ECF Nos. 33, 37.  Judge Pollak then issued a report and recommendation, recommending that (1) Plaintiff's motion for a default judgment be granted against Defendant Nechuma Simon; (2) the motion for judgment of foreclosure and sale of the Property be granted; (3) Plaintiff be awarded a total of $467,274.17 in unpaid principal, interest through the date of Judge Pollak's report and recommendation, pre-acceleration late charges, tax disbursements, and additional costs to preserve the Property; and (4) Plaintiff be reimbursed for $2,884.60 in costs.  ECF No. 38 at 7.  Judge Pollak did not recommend that a default judgment be entered as to the remaining defendants.  See id. at 9-10 nn.10-11.  Approximately two months later, Defendants Aaron Simon and Nechuma Simon appeared.  See ECF No. 51.  The appearing parties then stipulated to withdraw Plaintiff's pending motion for default judgment.  See ECF

3

No. 65.

The appearing parties proceeded to discovery, and thereafter, cross-moved for summary judgment and filed supplemental submissions related to standing upon the request of the Honorable Raymond J. Dearie. See ECF Nos. 95-98, 100, 102. Judge Dearie granted summary judgment in favor of Plaintiff on its claim for foreclosure against Defendant Nechuma Simon as the sole obligor under the relevant instruments for the Property. ECF No. 103 at 26. Judge Dearie also agreed with Judge Pollak's reasoning in the report and recommendation that there was no factual or legal basis for entering a judgment against the other defendants. See id. at 27. Judge Dearie then referred the matter to the undersigned "for an updated report and recommendation on (i) the appointing of a referee to conduct the sale of the Property under the procedures described in the plaintiff's Proposed Judgment of Foreclosure and Sale, and (ii) the questions of damages and attorneys' fees, if any." Id.

The undersigned held a telephone conference to discuss the proposed procedure for sale of the Property, damages and attorneys' fees. Defendants failed to appear. During the telephone conference, Plaintiff withdrew its request for attorneys' fees, and the Court set a briefing schedule for the supplemental submissions on the appointment of a referee to conduct the sale of the Property and damages and costs. Plaintiff timely filed its supplemental submission.[1] See ECF No. 135. Defendants did not file a response.

---

[1] Plaintiff filed two submissions at ECF No. 134 and ECF No. 135. It appears that both submissions contain the same supplemental memorandum of law, but only ECF No. 135 contains Plaintiff's attachments. The Court will therefore only cite to ECF No. 135 when referring to Plaintiff's supplemental submission.

4

## II. DISCUSSION

Once liability is established, the court must ascertain damages with "reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). To prove damages, the movant need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992) (citation omitted). In conducting its inquiry, "the Court may rely on the detailed affidavits or documentary evidence . . . to evaluate the proposed sum." See Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

### a. Damages Calculation

For this updated report and recommendation regarding sale procedures for the Property and damages and fees, the Court has reviewed Plaintiff's submissions before Judge Pollak regarding damages and fees, ECF Nos. 25-5, 33, and Plaintiff's materials regarding damages and fees submitted with its motion for summary judgment before Judge Dearie, ECF No. 95-1. At the most recent telephone conference, the undersigned requested that Plaintiff submit an updated application for damages and fees that included all the necessary documentation and support. The Court has also reviewed this most recent submission, which includes: the Note, ECF No. 135 at 82-84; the Mortgage, id. at 86-101; Plaintiff's Statement of Damages, id. at 144-45; and Plaintiff's Affidavit of Damages Due and Owing ("Plaintiff's Aff.") and accompanying exhibits, id. at 76-142.

#### i. Principal Amount Owed

Plaintiff submitted the affidavit of a Documentation Execution Specialist for Selene Finance LP, a servicing agent for Plaintiff, who is familiar with the business records maintained

5

for the purpose of servicing mortgage loans. See Plaintiff's Aff. ¶¶ 1-2. In Plaintiff's Affidavit, the Documentation Execution Specialist states that the specialist has "acquired personal knowledge of the matters stated herein by examining the business records relating to the subject mortgage loan." See id. ¶ 2. Plaintiff's Affidavit states that the total amount due to Plaintiff in unpaid principal is $261,000.50. Id. ¶ 7. The business records attached as Exhibit 4 evidence that the remaining unpaid principal balance is $261,000.50. See ECF No. 135 at 117-35. The Court respectfully recommends that Plaintiff be awarded the principal amount owed on the Mortgage, which is $261,000.50.

### ii. Interest

The Note provides that if the Mortgagor failed to pay the full amount of each monthly payment "on the day it is due[, then the Mortgagor] will be in default," Note ¶ 6(B), and Plaintiff would be entitled to recover "all the interest that [the Mortgagor] owe[s] on that amount," id. ¶ 6(C). Pursuant to the Note, interest will be charged on the unpaid principal until the full amount of principal has been paid at a yearly rate of 8.500%. Id. ¶ 2; see ECF No. 135 at 144. The Note further provides that this interest will be paid "both before and after any default as described in Section 6(B) of [the] Note." Note ¶ 2. Defendant Nechuma Simon failed to make the monthly payment due on the loan as of February 1, 2009. See ECF No. 103 at 7-9. Plaintiff therefore requests unpaid interest in the amount of $230,526.28 from January 1, 2009, through September 19, 2021, as well as per diem interest until entry of the Court's Order and interest at the statutory rate thereafter. See Plaintiff's Aff. ¶ 7; ECF No. 135 at 148.

Using the amount of unpaid principal, $261,000.50, and the 8.500% yearly interest rate

pursuant to the Note, the Court calculates the yearly interest amount to be $22,185.04[2] ($261,000.50 multiplied by 8.500% (.085)). The Court calculates the per diem interest amount to be $60.78[3] ($261,000.50 multiplied by 8.500% (.085), and then dividing by 365). To bring Plaintiff's calculations up to date, the Court recommends that Plaintiff be awarded interest from January 1, 2009, through the date of this Report and Recommendation, May 13, 2022, in the amount of $296,489.42.[4] The Court also respectfully recommends Plaintiff be awarded per diem interest of $60.78 from May 14, 2022, until the date on which judgment is entered. See E. Sav. Bank, FSB v. McLaughlin, No. 13 Civ. 1108 (NGG) (LB), 2015 WL 5657355, at *5 (E.D.N.Y. Aug. 17, 2015) (recommending an award of per diem interest in an action for judgment of foreclosure and sale), R&R adopted, 2015 WL 5664454 (E.D.N.Y. Sept. 24, 2015). The Court further recommends awarding "post-judgment interest to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered." U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey, No. 20 Civ. 91 (FB) (RLM), 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022) (citations omitted); see Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment

---

[2] The Court notes that this figure is rounded to two decimal places for clarity, and the total amount of interest was computed without rounding until the end result.

[3] The Court notes that this figure is rounded to two decimal places for clarity, and the total amount of interest was computed without rounding until the end result.

[4] This amount includes thirteen payments of the yearly interest amount (for the years 2009 through 2021) and 133 payments of the per diem interest amount of $60.78 (for the 133 days in 2022 through May 13, 2022).

7

interest is mandatory and calculated pursuant to federal statute).

### iii. Late Charges

According to the Note, the Mortgagor agreed "to pay a late charge to the Note Holder" if the Note Holder has not received from the Mortgagor "any monthly payment by the end of 15 calendar days after the date it is due." See Note ¶ 6(A). "The amount of the [late] charge will be 2.000% of [the Mortgagor's] overdue payment of principal and interest. [The Mortgagor] will pay this late charge promptly but only once on each late payment." Id. Based on the Note, the late charge for each late payment should equal $45.52, which is calculated by taking the monthly payment due of $2,275.98 and multiplying it by 2.000% (.02). See id. ¶¶ 3(B), 6(A). Plaintiff seeks $8,967.44 in late charges. See Plaintiff's Aff. ¶ 7; ECF No. 135 at 144. Plaintiff's Affidavit fails to explain how it calculated $8,967.44 in late charges. Attached in Exhibit 4 to Plaintiff's Affidavit is a printout stating that uncollected late fees total $8,967.44, but it does not appear to contain a clear breakdown of this amount. See ECF No. 135 at 129.

The Court notes that Plaintiff's statement of damages submitted along with Plaintiff's motion for summary judgment requested $6,964.56 in "Pre-acceleration Late Charges." ECF No. 95-1 at 234. Plaintiff also requested this same amount in connection with its motion for default judgment and submitted supporting documentation upon request from Judge Pollak. See ECF No. 30; ECF No. 33-3 at 5, 9-10. Judge Pollak reviewed Plaintiff's materials and concluded that Plaintiff should be awarded $3,140.88 in pre-acceleration late charges, based on 69 monthly charges between the dates of August 18, 2008, and June 16, 2014, the date Plaintiff

accelerated the loan.[5]  See ECF No. 38 at 19-20 & n.15.  The amount recommended to be awarded by Judge Pollak was less than half the total Plaintiff requested because Judge Pollak found that the supporting documents detailed charges for late fees in excess of the amount permitted by the terms of the Note.  See id. at 19-20 & n.14.  For example, Plaintiff's documentation listed $113.80 as the monthly late charge for certain months, which would equal 5.000% of the monthly payment due and not 2.000% of that amount.  See id.; Note ¶¶ 3(B), 6(A).

Judge Pollak requested that Plaintiff provide additional documentation.  This Court requested from Plaintiff an updated application for damages that included all the necessary documentation and support at the most recent telephone conference.  Neither of Plaintiff's applications explains the requested late charges.  It is unclear to the Court whether the current request for $8,967.44 in late charges includes months where Plaintiff charged $113.80 as the monthly late fee, which appears to be in violation of the terms of the Note.[6]  Moreover, it is unclear to the Court why Plaintiff is requesting approximately $2,000.00 more in late fees in the instant application as compared to that made to Judge Pollak, given that the Note only provides

---

[5] This amount also accounted for certain late charges that the Mortgagor had paid off.  See ECF No. 38 at 20 n.15; ECF No. 33-3 at 9 (lines dated 7/2/2007, 7/23/2007 and 6/20/2008 indicating credits for payments).

[6] The business records attached as Exhibit 4 to Plaintiff's Affidavit appear to include a number of charges of $113.80 listed in the column "Other Amounts" although, again, the Court is unclear whether these are included in Plaintiff's request for $8,967.44 or if adjustments have been made.  See, e.g., ECF No. 135 at 115.  This "hodge-podge of documents, largely inscrutable and wholly unexplained" does not meet Plaintiff's burden to prove its damages to the Court.  See Louis Hornick & Co. v. Darbyco, Inc., No. 12 Civ. 5892 (VSB) (DCF), 2015 WL 13745787, at *1 (S.D.N.Y. Aug. 19, 2015), R&R adopted, 2015 WL 9478239 (S.D.N.Y. Dec. 29, 2015).

9

for late fees for missed monthly payments; once the loan was accelerated, one might believe that there were no more monthly payments due. See Note ¶ 6.

It is Plaintiff's burden to establish its damages and courts have declined to recommend damages without adequate documentation and explanation. See Cit Bank, N.A. v. Schiffman, No. 16 Civ. 5772 (DLI) (RML), 2018 WL 6161971, at *6 (E.D.N.Y. Aug. 24, 2018) (declining to recommend award of damages based on insufficient evidence) (collecting cases), R&R adopted, 2018 WL 4804644 (E.D.N.Y. Oct. 3, 2018), aff'd, 999 F.3d 113 (2d Cir. 2021). The Court therefore declines to recommend awarding Plaintiff an updated amount of late fees. See Swezey, 2022 WL 1422841, at *9 (recommending denial of the plaintiff's request for contractual interest based on failures to cure deficiencies in the plaintiff's damages application) (collecting cases). Based on Plaintiff's previous submission to Judge Pollak, which the undersigned has reviewed and agrees with the computations therein, this Court respectfully recommends only awarding Plaintiff $3,140.88 in late charges. See E. Sav. Bank, FSB v. Bright, No. 11 Civ. 1721 (ENV) (MDG), 2013 WL 3282889, at *3 (E.D.N.Y. June 27, 2013) (awarding late charges pursuant to the terms of a note in a mortgage foreclosure action).

### iv. Tax And Other Disbursements

Plaintiff seeks $60,756.14 in tax disbursements; $31,535.97 in hazard insurance disbursements; $1,477.11 in property inspections and preservation disbursements; and $1,245.00 in broker price opinion disbursements. Plaintiff's Aff. ¶ 7; ECF No. 135 at 144. Pursuant to the terms of the Mortgage, the Mortgagor agreed to pay "all amounts necessary to pay for taxes" and "hazard or property insurance covering the Property." Mortgage ¶ 2(A). The Mortgage also gives Plaintiff the right to "do and pay for whatever is necessary to protect the value of the Property and the Lender's rights in the Property . . . includ[ing] entering on the Property to make

10

repairs" if the Mortgagor "do[es] not keep [his] promises and agreements made" in the Mortgage. See id. ¶ 7. Plaintiff also has the right to recover all disbursements under a lawsuit for Foreclosure and Sale. Id. ¶ 21 ("In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by law.").

Plaintiff's Affidavit itemizes the monthly amounts of tax disbursements, beginning on August 10, 2009, and ending on June 21, 2021. Plaintiff's Aff. ¶ 7. It also breaks down the amounts owed for hazard insurance disbursements, beginning on December 22, 2010, and ending on July 30, 2021. Id. These monthly disbursements also appear to be reflected in business records attached as Exhibit 4 to Plaintiff's Affidavit. Compare, e.g., id. (listing $485.97 for hazard insurance disbursements on October 17, 2019, October 18, 2019, and October 30, 2019, and listing $1,426.75 for a tax disbursement on December 18, 2019), with ECF No. 135 at 130. The Court respectfully recommends awarding Plaintiff $92,292.11 in tax disbursements and hazard insurance disbursements.

Plaintiff has failed to demonstrate its entitlement to $1,477.11 in property inspections and preservation disbursements, and $1,245.00 in broker price opinion disbursements. These amounts are not itemized in Plaintiff's Affidavit, nor does Plaintiff attach documentation for these costs, such as invoices or bills. Without "sufficient documentation—such as invoices, receipts, or other documentary proof—to substantiate its requests[,]" Plaintiff's application for damages for "property preservation, and inspection advances" is insufficient. See Nationstar Mortg. LLC v. Fernandez, No. 17 Civ. 404 (DRH) (SIL), 2017 WL 6767239, at *6 (E.D.N.Y. Nov. 21, 2017), R&R adopted, 2018 WL 262837 (E.D.N.Y. Jan. 2, 2018), vacated in part on other grounds, 2018 WL 3424452 (E.D.N.Y. Mar. 20, 2018). As this Court already directed Plaintiff to submit a damages application that included all the necessary documentation in

11

support thereof, but Plaintiff failed to make a complete submission, the Court respectfully recommends denying Plaintiff's request for property inspections and preservation disbursements and broker price opinion disbursements. See Onewest Bank N.A. v. Louis, No. 15 Civ. 597 (PAC) (BCM), 2016 WL 3552143, at *9 (S.D.N.Y. June 22, 2016), R&R adopted, 2016 WL 4059214 (S.D.N.Y. July 28, 2016) (denying award for costs and advances where the plaintiff's affidavit failed to explain what the requested costs are or "why it is entitled to reimbursement for these charges," or how the amount was calculated); Swezey, 2022 WL 1422841, at *9 (recommending denial of damages given the plaintiff's failure to cure its evidentiary deficiencies despite prior orders from the court).

### v. Credits

Plaintiff's Affidavit reports an Escrow credit in the amount of $8,333.91, and "Credits to Borrowers" in the amount of $1,419.63. See Plaintiff's Aff. ¶ 7. This total amount of $9,753.54 is deducted from Plaintiff's total requested damages as "Credits to Defendants." See ECF No. 135 at 144. Plaintiff's submission does not explain to which balances these credits should be applied, i.e., whether the credits reduce the amounts owed on the principal, interest, late charges, or the various disbursements. It is Plaintiff's burden to explain to the Court its damages calculations, especially after multiple instructions to do so by Judge Pollak and the undersigned. Plaintiff should therefore pay the price, literally, for its own lack of clarity in its submission. The award of damages here should account for the full monies that the Mortgagor already paid because the record before the Court does not explain how the credits were allocated by Plaintiff. I therefore respectfully recommend that Plaintiff's damages award be reduced by $9,753.54.

### b. Appointment Of Referee

Plaintiff also seeks the appointment of Gregory Cerchione, Esq. as referee to conduct the

sale of the property. Id. at 149. Mr. Cerchione has over 35 years of experience as an attorney, having been admitted to the bar of New York since 1986.[7] Mr. Cerchione has previously been appointed as referee to conduct sales of foreclosed property by this Court. See, e.g., CIT Bank, N.A. v. Guy, No. 17 Civ. 238 (BMC), 2017 U.S. Dist. LEXIS 74517, at *8 (E.D.N.Y. May 16, 2017); CIT Bank, N.A. v. Seeram, No. 16 Civ. 2608 (RRM) (LB), 2017 WL 8220204, at *7 (E.D.N.Y. Feb. 15, 2017), R&R adopted, 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018). As such, this Court respectfully recommends that Gregory Cerchione, Esq. be appointed as referee under the conditions described by Plaintiff in the Proposed Judgment of Foreclosure and Sale. See id. This Court notes, however, that Plaintiff's Proposed Judgment of Foreclosure and Sale does not accurately describe the procedural history of this case. Plaintiff has not been awarded a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and that line should be deleted. See ECF No. 135 at 148. The Proposed Judgment of Foreclosure and Sale should also be updated to reflect the damages, interest and costs awarded by the Court. I respectfully recommend that Plaintiff be requested to submit a revised Proposed Judgment of Foreclosure and Sale that accurately describes the procedural history and comports with the amounts awarded herein within ten days of the adoption of this Report and Recommendation, if it is adopted.

  **c. Attorneys' Costs**

  In addition, Plaintiff seeks an award of costs (but not attorneys' fees) in the amount of $3,565.63. See ECF No. 135 at 145. Both the Note and the Mortgage entitle Plaintiff to recover

---

[7] The Court takes judicial notice of Mr. Cerchione's admission to the bar of New York and his year of admission by relying on the publicly available website of the New York State Unified Court System. See Landstar Sys. v. Am. Landstar Logistics Corp., No. 15 Civ. 7179 (KAM) (VMS), 2020 U.S. Dist. LEXIS 21774, at *12 (E.D.N.Y. Feb. 6, 2020), R&R adopted, Order dated 2/21/2020.

litigation disbursements.  See Note ¶ 6(E); Mortgage ¶ 21.  Courts in this District have found that "[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable."  OneWest Bank, NA v. Raghunath, No. 14 Civ. 3310 (RJD) (MDG), 2015 WL 5772272, at *7 (E.D.N.Y. Sept. 8, 2015), R&R adopted, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015).  Plaintiff's request for costs includes the following: (i) $400.00 to file the instant action; (ii) $596.88 for searches pursuant to N.Y. C.P.L.R. § 8301(a)(10); (iii) $2,159.60 for service of process; (iv) $140.00 for the Notice of Pendency filing fees; (v) $81.95 for certified mailings; and (vi) $187.20 for transcripts.  See ECF No. 135 at 145.  The Court finds that "each of these expenses was necessary to enforce Plaintiff's rights under the Note and Mortgage."  See CIT Bank, N.A. v. Coombes, No. 17 Civ. 5871 (ADS) (SIL), 2019 WL 2516729, at *8 (E.D.N.Y. May 23, 2019), R&R adopted, 2019 WL 2515367 (E.D.N.Y. June 18, 2019).

Plaintiff's updated application for attorneys' costs suffers from the same deficiencies as its updated application for damages—Plaintiff has not supplied any invoices or bills for the costs requested despite instruction from the undersigned to do so.  The Court therefore declines to recommend awarding Plaintiff an updated amount of costs based on this submission.  Plaintiff's motion for summary judgment submission included invoices documenting $325.00 paid for searches pursuant to N.Y. C.P.L.R. § 8301(a)(10) (although Plaintiff now requests a total of $596.88), ECF No. 95-1 at 240; invoices for service of the summons and complaint in the amount of $2,159.60, id. at 236-39; and receipts for certified mailings totaling $83.58 (although Plaintiff only requests a total of $81.95), id. at 180, 183, 186, 189, 192, 195, 241.  The Court recommends awarding Plaintiff the amounts of $325.00 for the searches, $2,159.60 for service of the summons and complaint, and $81.95 for certified mailings, as requested by Plaintiff.  Plaintiff has not provided any documentation related to its request for $140.00 in filing fees for

14

the Notices of Pendency or the requested $187.20 for transcripts in its most recent attorneys' costs application, nor is there any documentation in Plaintiff's prior submissions. The Court therefore will not include these amounts in its recommended award because, without invoices, the Court cannot determine if the costs were "reasonbl[y] and [] actually incurred." See Freedom Mortg. Corp. v. Ervin, No. 18 Civ. 1082 (ENV) (SMG), 2019 WL 2436298, at *9 (E.D.N.Y. Feb. 12, 2019), R&R adopted, 2019 WL 2511873 (E.D.N.Y. June 18, 2019). Plaintiff also requests $400.00 for the filing fee in this Court, and while Plaintiff has not attached any documentation, the Court may take judicial notice of this amount. See Philip Morris USA, Inc. v. Jackson, 826 F. Supp. 2d 448, 453 (E.D.N.Y. 2011). Accordingly, the Court respectfully recommends that Plaintiff be reimbursed for costs in the amount of $2,966.55, which includes $325.00 paid for searches pursuant to N.Y. C.P.L.R. § 8301(a)(10), $2,159.60 for service of the summons and complaint, $81.95 for certified mailings, and $400.00 for this Court's filing fee.

### III.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Court grant in part and deny in part Plaintiff's motion by appointing Gregory Cerchione, Esq. as referee under the conditions described by Plaintiff in the Proposed Judgment of Foreclosure and Sale, and by awarding Plaintiff a total of $646,135.92, which includes the following as well as a deduction of $9,753.54 based on credits:

- $261,000.50 for the principal amount owed on the Mortgage;
- $296,489.42 in interest, per diem interest of $60.78 until the date judgment is entered, and post-judgment statutory interest;
- $3,140.88 in late charges;
- $92,292.11 in tax and hazard insurance disbursements; and
- $2,966.55 in costs.

This Court also respectfully recommends that the Court order Plaintiff to submit a

revised Proposed Judgment of Foreclosure and Sale that accurately describes the procedural history and comports with the amounts awarded herein within ten days of the adoption of this Report and Recommendation, if it is adopted.

### IV.     OBJECTIONS

A copy of this Report and Recommendation is being provided to the parties via ECF. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14)-day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.  See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court of else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a [magistrate judge's] report operates as a waiver of any further judicial review of the [magistrate judge]'s decision." (quotation & citation omitted)).

Dated:  Brooklyn, New York
        May 13, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge